■ ANNE ENKER, Appellant, v. SLATTERY CONSTRUCTION Co., INC., et al., Respondents.— In this action to recover damages for personal injuries, plaintiff appeals from an order of the Supreme Court, Kings County, dated July 18, 1969, which denied her motion for partial summary judgment, pursuant to CPLR 3212. Plaintiff sought summary judgment that defendants were negligent, and that the issues of plaintiff's contributory negligence and her damages be severed and reserved for trial. Order affirmed, with $20 costs and disbursements. We find that Special Term properly denied plaintiff's motion for the reasons stated in its decision. Moreover, we find that the partial summary judgment sought by plaintiff could not have been granted for the additional reason that CPLR 3212 (subd. [b]) provides: "The motion shall be denied if any party shall show facts sufficient to require a trial of any issue of fact other than an issue as to the amount or the extent of the damages". Here, plaintiff concedes there is an issue of fact as to her contributory negligence. Aside from the foregoing statute which proscribes the severance of the issues of negligence and contributory negligence in a personal injury action, we find no useful purpose could be served by a partial summary judgment severing for trial the issue of plaintiff's contributory negligence, assuming it could have been determined that defendants must be found negligent as a matter of law in this case. Negligence and contributory negligence overlap and are interrelated in a personal injury case. The causal connection between a defendant's negligence and a plaintiff's contributory negligence is a primary issue therein. A trial as to plaintiff's contributory negligence herein necessarily involves a consideration of defendants' negligence by the court, or court and jury, which might ultimately try this case (cf. *Harold Ohringer Inc.* v. *Kass*, 28 A D 2d 1117; *Schwartz* v. *New England Mut. Life Ins. Co.*, 20 A D 2d 688). Christ, P. J., Rabin, Hopkins, Munder and Brennan, JJ., concur.