■ E.B. METAL & RUBBER INDUSTRIES, INC., Appellant, v STATE OF NEW YORK, Respondent. (Claim No. 62842.) — Appeals from orders of the Court of Claims (Murray, J.), entered July 10, 1980 and July 15, 1980, which denied claimant's motions for discovery and granted the State's motion for summary judgment dismissing the claim. The Champlain Barge Canal is under the exclusive jurisdiction and control of the State of New York, and during a particularly heavy rainfall on March 14, 1977 the water in the canal rose to a level above its banks and broke through a dike located between the canal and property owned by claimant. The dike had been constructed at least partially on State-owned land by claimant's predecessor in interest pursuant to a revocable permit issued by the State in 1935. As a result of the incident on March 14, 1977, claimant's manufacturing plant on its property was allegedly severely damaged when it was inundated by water overflowing the canal and breaking through the dike. There ensued the instant claim wherein claimant seeks a recovery against the State for the alleged damages to its plant, and the State responded by moving for summary judgment dismissing the claim on December 19, 1979. Subsequently, on February 13, 1980, claimant cross-moved for an order to conduct certain examinations before trial of employees of the State and for the production of certain documents, and on March 6, 1980 it

moved a second time for discovery of a similar nature. By orders entered July 10, 1980 and July 15, 1980, the Court of Claims granted the State's motion for summary judgment and denied claimant's motions for discovery, and from each of these orders claimant now appeals. Considering initially the first cause of action alleged in the claim at issue, we find that it was properly dismissed. In its amended claim, claimant grounds this cause of action specifically on the failure of the State to enforce the conditions of the permit which was issued to claimant's predecessor in interest for the construction of the dike. Claimant makes no assertion that the construction of the dike was a State project. Such being the case, the State's failure to enforce the permit's conditions, even if proven, would not create any State liability for claimant's damages (Canal Law, § 100; *Van Buskirk v State of New York,* 38 AD2d 349; see, also, *Burgundy Basin Inn v State of New York,* 47 AD2d 692, mot for lv to app den 37 NY2d 706). Regarding the remaining three causes of action alleged by claimant, we reach a contrary result. Asserted therein were allegations that the damages to claimant's property from the flooding were caused by the State's faulty use and management of the canal, in that the State was allegedly negligent in controlling the water level of the canal and in designing and constructing the canal and also breached its duty to restrain the waters of the canal so as to prevent them from flowing onto and damaging claimant's property. That being so, and the State having expressly waived its immunity for damages resulting from its use or management of the canal or arising from the neglect or conduct of an officer having charge of the canal (Canal Law, § 120), claimant has pleaded three viable causes of action against the State, and they should not have been dismissed. Lastly, we turn to claimant's discovery motions and find that they should have been granted. The employees and documents which claimant seeks to examine are all closely related to the use and management of the canal on the day of the flooding, and the production of these witnesses and records by the State is material and necessary for the proper presentation by claimant of its claim. Order entered July 10, 1980, modified, on the law, by reversing so much thereof as granted summary judgment to the State on claimant's second, third and fourth causes of action and denied claimant's cross motion for discovery, and such cross motion granted, and, as so modified, affirmed, without costs. Order entered July 15, 1980, reversed, on the law and the facts, and claimant's motion granted, without costs. Mahoney, P.J., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.