■ E. B. METAL & RUBBER INDUSTRIES, INC., et al., Appellants, v FEDERAL INSURANCE COMPANY et al., Respondents, and MARSH & McLENNAN INCORPORATED, Appellant. — Appeals from an order of the Supreme Court at Special Term (Shea, J.), entered September 15, 1980 in Washington County, which granted the motion for summary judgment made by defendants Federal Insurance Company and Chubb & Son, Inc. On March 14, 1977, E. B. Metal & Rubber Industries, Inc.'s buildings located at Whitehall, New York, were severely damaged when a dike constructed to restrain the waters of the Champlain Barge Canal and Wood Creek gave way and water inundated the property. The dike gave way at a point near a drainage pipe which ran beneath the dike. Plaintiffs contended that the damage sustained by the facility was caused by improper construction and maintenance of the dike and sought recovery for casualty damage to the plant under its insurance contract with defendants Federal Insurance Company and Chubb & Son, Inc.[*] Federal denied payment on the ground that the loss resulted from a "flood". Plaintiffs sued Federal and Chubb based on the insurance contract. It is uncontroverted that heavy rains fell on March 14, 1977 and the waters in the canal were at a very high level. Federal and Chubb brought on a motion for summary judgment seeking dismissal of the complaint asserting that they could not be liable due to the flood exclusionary clause in the contract. Special Term granted summary judgment and these appeals ensued. Plaintiffs contend that there is more than one interpretation that can be placed on the definition of "flood" in the policy, and that defendants have failed to meet their burden of establishing that their interpretation of the clause is the only one that can be fairly placed on it. The clause in issue defines flood as follows: " 'flood' meaning waves, tidal

[*] Chubb & Son, Inc. is identified in plaintiffs' amended complaint as manager of Federal Insurance Company.

water or tidal wave, rising (including overflowing or breaking of boundaries) of lakes, reservoirs, rivers, streams or other bodies of water, whether driven by wind or not." Plaintiffs contend that for the flood exclusion to apply, the breaking of the dike must have been directly caused by the rising water. They contend that there is no proof that such condition prevailed, but rather the record indicates that the pre-existing weakness in the dike caused the damage. Based on such interpretation of the exclusion clause, they contend the contract is ambiguous, giving rise to a factual issue which needs to be resolved by trial. We disagree. The policy is clear and unambiguous. All the policy requires is that there be rising waters which break through boundaries and flow upon the insured's land to constitute a flood. It is irrelevant that a defect in the dike may have also contributed to the break. Order affirmed, with one bill of costs to the moving defendants. Mahoney, P.J., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.