■ DARLENE B. PARTIS, as Executrix of SYLVIA M. CASH, Deceased, Appellant-Respondent, v ERIE SAVINGS BANK FSB et al., Respondents-Appellants. — Order unanimously affirmed, without costs. Memorandum: We agree that Sentry was not entitled to summary judgment dismissing the complaint but our analysis differs from that of Special Term. There is no question that acceptance of the check was conditional. Sentry's notices to plaintiff were unambiguous in providing that "[c]hecks and drafts are accepted subject to collection." Sentry's April 5 letter, however, raises a factual issue regarding waiver of the forfeiture by the insurer. "[F]orfeiture for nonpayment of premiums is not favored in law and will not be enforced, absent a clear intention to claim that right" (*Matter of Preston,* 29 NY2d 364, 368; see, also, 31 NY Jur, Insurance, § 1516). The letter from Sentry to the insured on April 5 implied that the policy was still in effect and that the insurer would accept a replacement check in order to keep the policy in force. In any event, it raises an issue of fact as to whether Sentry waived forfeiture.

Special Term was correct in declaring that the premium notice provided by Sentry on January 19, 1982 was sufficient to satisfy the requirements of subdivision 2 of section 151 of the Insurance Law. Sentry specifically averred compliance with the notice requirements of that section in its motion papers; it was therefore proper to grant partial summary judgment with respect to that issue (CPLR 3212, subd [g]; *E. B. Metal & Rubber Inds. v County of Washington,* 102 AD2d 599).

Special Term also correctly determined that there are issues which preclude granting summary judgment to plaintiff against Erie for wrongful dishonor of plaintiff's check. It appears that plaintiff failed to instruct the bank to close her old account;

mistakenly wrote a check on the old account, thinking it was on the new account; and apparently failed to take action to correct the error after receiving notification from the bank that her check had been dishonored. On the other hand, however, it appears that the $350 which plaintiff deposited in her old account was transferred by the bank to the new account but that it did not clear the check on the old account against the new account. Erie's negligence in this respect was acknowledged by one of its employees. In view of the factual dispute as to whether Erie's action in dishonoring the check was "wrongful" (Uniform Commercial Code, § 4-402) and whether it was the proximate cause of the insurance policy being canceled, summary judgment will not lie. (Appeals from order of Supreme Court, Erie County, Kasler, J. — summary judgment.) Present — Hancock, Jr., J. P., Doerr, Denman, Boomer and O'Donnell, JJ.