WILLIAM SEARLES, Respondent, v TOWN OF HORICON, Appellant, and JEAN E. KIRVIN et al., Respondents.

Third Department, March 27, 1986

APPEARANCES OF COUNSEL

*Friedman, Maksail, Hirschen & Miller (Jeffrey N. Miller* of counsel), for appellant.

*LaPann, Reardon, Fitzgerald & Firth (Jennifer A. Jensen* of counsel), for William Searles, respondent.

*Tabner, Scher & Laudato (Paul J. Laudato* of counsel), for Jean E. Kirvin and another, respondents.

### OPINION OF THE COURT

LEVINE, J.

Plaintiff was injured when he dove off a dock on Brant Lake in Warren County and struck his head on the bottom of the lake, sustaining a fracture of the c-7 vertebra. He commenced the instant suit naming as defendants the Town of Horicon, which owns and operates a dam which regulates the water level of the lake, and Jean E. Kirvin and Virginia M. Rodford, owners of the property from which he dove. Plaintiff alleged that the town had been negligent in its operation of the dam and had lowered the water in the lake to a dangerous level without posting any warnings. Kirvin and Rodford filed a cross claim against the town, stating a claim for indemnification based upon the town's alleged negligence concerning the water level of the lake. Thereafter, the town moved for summary judgment on the complaint and the cross claim, contending that, in its regulation of the water level of the lake, it performs a governmental function and, thus, since it allegedly owed no special duty to plaintiff, it could not be held liable for his injuries. Special Term denied the motion on the ground that the town's regulation of the water level is a proprietary function and it could therefore be held liable for damages caused by any improper methodology in carrying out such operations. This appeal by the town ensued. We affirm.

The State and its political subdivisions have waived their sovereign immunity (Court of Claims Act § 8; 2C Warren, Negligence in the New York Courts, Municipal Corporations, § 2.01, at 369-370 [3d ed]). However, that waiver is not absolute. A town may not be held liable for the performance of purely governmental functions unless there exists a special relationship between the injured plaintiff and the town giving rise to a duty on the part of the town *(see, Sorichetti v City of New York,* 65 NY2d 461, 468), or the town instituted a plan regarding governmental operations which lacked adequate

study or a reasonable basis *(see, Alexander v Eldred,* 63 NY2d 460, 466). However, a town may be held liable in negligence for the performance of acts which are proprietary in nature *(see, E.B. Metal & Rubber Indus. v County of Washington,* 102 AD2d 599, 601).

Here, the town admittedly purchased the dam located on the lake for the purpose of stabilizing the manner in which the level of water in the lake would be regulated. Such an undertaking consists in both governmental and proprietary functions *(see, E.B. Metal & Rubber Indus. v County of Washington, supra).* The town would be entitled to immunity in the lawful exercise of its sovereign powers regarding the decision to purchase the dam, as well as in any planning or design concerning construction on the dam *(see, E.B. Metal & Rubber Indus. v County of Washington, supra; see also, Matter of Charles v Diamond,* 41 NY2d 318, 326, 329-332). Since such activities involve the exercise of municipal discretion, they are governmental in nature. However, the town would be subject to liability for any improper methodology in executing the foregoing plans *(see, Office Park Corp. v County of Onondaga,* 64 AD2d 252, *affd* 48 NY2d 765) and in its maintenance and operation of the dam. The town is not compelled by law to undertake such ministerial operations and they are proprietary in nature *(see,* 40 NY Jur, Municipal Corporations, § 1019, at 277-278 [1965]).

In its application for summary judgment, the town did not establish by admissible proof in evidentiary form that the water level complained of was fixed as a result of a discretionary governmental determination. Indeed, plaintiff alleged in his complaint that the lowering of the water level was attributable to the town's *operation* of the dam which, as we have determined, is a proprietary function *(see, E.B. Metal & Rubber Indus. v County of Washington, supra,* p 602). The town has failed to submit proof showing its due care in the operation of the dam at the relevant time period. It has likewise failed to negate open questions of fact which might give rise to liability, i.e., whether it had ever adopted a plan for regulating or monitoring water levels and whether an employee of the town had unilaterally caused the water level to drop. Accordingly, Special Term properly denied the town's motion for summary judgment.

We are similarly unpersuaded by the town's claim that plaintiff's allegedly reckless conduct in failing to check the water level of the lake was the sole proximate cause of his

accident. Plaintiff testified at his examination before trial that he dove off of the same dock approximately one month earlier, as well as during the previous two summers, and that the water level had then been 5 to 6 feet. We note that the Court of Appeals recent decisions in *Smith v Stark* (67 NY2d 693) and *Boltax v Joy Day Camp* (67 NY2d 617) are distinguishable. The plaintiff in *Smith* had a general knowledge of pools and through his observations prior to his accident and common sense was charged with the knowledge that the area of the pool he dove into contained shallow water. Likewise, in *Boltax,* the plaintiff was admittedly familiar with the various water levels of a pool yet recklessly dove into shallow water from a lifeguard's chair. Plaintiff's conduct here did not, as a matter of law, constitute such an unforeseeable superseding event as to absolve the town of all liability.

MAHONEY, P. J., KANE, CASEY and WEISS, JJ., concur.

Order affirmed, with costs.