■ ROBERT VAN BENSCHOTEN et al., Respondents, v VILLAGE OF MARGARETVILLE, Appellant. [831 NYS2d 296]—

Carpinello, J. Appeal from an order of the Supreme Court (Coccoma, J.), entered April 26, 2006 in Delaware County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiffs live near Bull Run Creek in the Village of Margaretville, Delaware County. During the summer of 2001, reconstruction work was performed on the creek to repair damage to its walls caused by a 1996 flood. According to plaintiffs, after completion of this work and for the first time ever, water began infiltrating into their basements in substantial quantities and has continued to do so on a regular basis. This water seepage has allegedly caused mold to accumulate, weakened their house foundations, destroyed their basements, which were once usable spaces, and diminished the overall value of their homes. Plaintiffs then commenced this action against defendant to recover for these damages. The crux of their complaint is that defendant negligently performed the reconstruction work. At issue on appeal is an order of Supreme Court denying defendant summary judgment. We affirm.

In moving for summary judgment, defendant argued that it was entitled to governmental immunity with respect to any liability resulting from the decision to reconstruct the creek or the design of the reconstruction project itself. While stating an accurate rule of law (see e.g. Searles v Town of Horicon, 116 AD2d 93, 94-95 [1986]; E.B. Metal & Rubber Indus. v County of Washington, 102 AD2d 599, 601-602 [1984]), defendant's motion did not address the crux of the complaint against it, namely, that it negligently performed and/or supervised the reconstruction project which, in turn, caused the leakage. On this critical point, defendant's motion was silent (see Searles v Town of Horicon, supra). This being the case, defendant failed to meet its prima facie burden of demonstrating entitlement to summary judgment and thus the burden to raise a triable issue of fact never shifted to plaintiffs (see Johnson City Cent. School Dist. v Fidelity & Deposit Co. of Md., 272 AD2d 818, 821 [2000]).

Mercure, J.P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.