■ Delores James, Respondent, v Douglas C. Steinmiller, Appellant. [877 NYS2d 806]—Appeal from an order of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered June 18, 2008 in a personal injury action. The order denied defendant's motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting the motion in part and dismissing the complaint to the extent that the complaint, as amplified by the bill of particulars, alleges that defendant either created or had actual notice of the allegedly dangerous condition and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when she fell on a substance near the driveway on defendant's property during a garage sale. We conclude that Supreme Court erred in denying defendant's motion for summary judgment dismissing the complaint to the extent that the complaint, as amplified by the bill of particulars, alleges that defendant either created or had actual notice of the allegedly dangerous condition, and we therefore modify the order accordingly. We further conclude, however, that the court properly denied defendant's motion to the extent that the complaint, as amplified by the bill of particulars, alleges that defendant had constructive notice of the allegedly dangerous condition. Although defendant submitted evidence establishing that he had no knowledge of the substance and that it could not be identified, even by plaintiff, defendant "cannot establish [his] entitlement to summary judgment . . . by noting alleged gaps in plaintiff['s] proof" (*Seivert v Kingpin Enters., Inc.*, 55 AD3d 1406, 1407 [2008]; *see Orcutt v American Linen Supply Co.*, 212 AD2d 979, 980 [1995]). Thus, defendant failed to meet his initial burden with respect to constructive notice, i.e., he failed to establish that the substance had not been on his property "for a sufficient length of time to permit [him] to discover and remedy the condition" (*Mancini v Quality Mkts.*, 256 AD2d 1177, 1178 [1998]; *see Johnson v Panera, LLC*, 59 AD3d 1118 [2009]). Present—Smith, J.P., Centra, Fahey, Carni and Gorski, JJ.