■ PAULA BELLES, Respondent, v UNITED CHURCH OF WARSAW et al., Appellants. [885 NYS2d 833]—

Appeal from an order of the Supreme Court, Wyoming County (Mark H. Dadd, A.J.), entered September 26, 2008 in a personal injury action. The order denied the motion of defendants for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting the motion in part and dismissing the complaint to the extent that the complaint, as amplified by the bill of particulars, alleges that defendants had actual notice of the allegedly dangerous condition and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when she slipped and fell down a stairwell on property owned by defendants. According to plaintiff, the stairs were frequently wet and slippery, although she could not recall whether there was any ice on the stairs when she fell. We conclude that Supreme Court erred in denying defendants' motion for summary judgment dismissing the complaint to the extent that the complaint, as amplified by the bill of particulars, alleges that defendants had actual notice of the allegedly dangerous condition of the stairwell (*see James v Steinmiller*, 62 AD3d 1260 [2009]), and we therefore modify the order accordingly.

We further conclude, however, that the court properly denied the motion to the extent that the complaint, as amplified by the bill of particulars, alleges that defendants created or had constructive notice of the allegedly dangerous condition (*see Brown v Linden Plaza Hous. Co., Inc.*, 36 AD3d 742 [2007]). In support of their motion, defendants failed to submit any evidence concerning inspection or maintenance of the stairwell (*see*

*generally Rivers v May Dept. Stores Co.*, 11 AD3d 963 [2004]). Indeed, defendants submitted the deposition testimony of the owner and operator of the company responsible for snow removal from defendants' stairs and sidewalks at the time of the incident, and he testified that he observed water dripping onto the stairwell from the roof on a regular basis for the two years preceding plaintiff's fall.

Contrary to defendants' contention, the fact that plaintiff could not identify what caused her to fall does not require dismissal of the complaint in its entirety (*cf. Garvin v Rosenberg*, 204 AD2d 388 [1994]). Defendants submitted the deposition testimony of plaintiff in which she testified that the metal on the stairs was slippery when wet and that she fell down the stairs when they were wet. Although plaintiff could not recall whether there was snow, ice, or puddles on the stairs when she fell, defendants' own submissions raised a triable issue of fact with respect to proximate cause (*cf. Hartman v Mountain Val. Brew Pub*, 301 AD2d 570 [2003]). Present—Martoche, J.P., Centra, Fahey, Peradotto and Green, JJ.