■ SUSAN ROSS GODFREY, Appellant, v TOWN OF HURLEY, Respondent. [891 NYS2d 555]—

Rose, J.

Plaintiff commenced this negligence action to recover for injuries sustained when she fell while disposing of brush at a former landfill owned and operated by defendant. Plaintiff testified that, after unloading the brush from her pickup truck, she stepped on something on the ground that made her foot turn over sideways and caused her to fall. Although plaintiff described the site as being littered with sticks, twigs, branches, brush and rocks, she was unable to say what specific debris had caused her fall. Following discovery, defendant moved for summary judgment on the ground that plaintiff cannot establish that it had actual or constructive notice of the dangerous condition upon which she fell. Supreme Court granted the motion and plaintiff appeals.

To demonstrate its entitlement to summary judgment, defendant was "required to establish as a matter of law that [it] maintained the property in question in a reasonably safe condition and that [it] neither created the allegedly dangerous condition existing thereon nor had actual or constructive notice thereof" (*Richardson v Rotterdam Sq. Mall*, 289 AD2d 679, 679 [2001]; *see Braudy v Best Buy Co., Inc.*, 63 AD3d 1092 [2009]; *Candelario v Watervliet Hous. Auth.*, 46 AD3d 1073, 1074 [2007]; *Mokszki v Pratt*, 13 AD3d 709, 710 [2004]). In support of its motion, defendant submitted only the pleadings, an attorney's affidavit and plaintiff's testimony describing how the accident oc-

curred. Focusing on plaintiff's inability to identify the object on which she fell and the lack of evidence as to how long it may have been present, defendant argued that there is no evidence of actual or constructive notice of a dangerous condition. Conspicuously absent, however, is any evidence that defendant maintained the site in a reasonably safe condition at any time before plaintiff fell, evidence necessitated by plaintiff's description of the littered condition of the site. Since defendant failed to meet its initial burden to show that it had no constructive notice because its premises were properly maintained, Supreme Court erred in granting its motion for dismissal (*see Braudy v Best Buy Co., Inc.*, 63 AD3d at 1092; *Van Benschoten v Village of Margaretville*, 38 AD3d 1027 [2007]).

Nor did plaintiff's failure to identify what caused her to fall render her complaint so speculative as to warrant dismissal (*see Belles v United Church of Warsaw*, 66 AD3d 1470, 1470-1471 [2009]; *cf. Oettinger v Amerada Hess Corp.*, 15 AD3d 638, 639 [2005]). Plaintiff testified as to the variety of debris in the area where she fell and defendant failed to demonstrate that the debris did not pose a danger, that she fell on her own brush or that something other than the debris, such as a misstep, caused her to fall.

Mercure, J.P., Spain, Kane and Garry, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.