[896 NYS2d 799]

B.Y., M.D., P.C., et al., as Assignees of BEVERLY PRINCE, Appellants, v GOVERNMENT EMPLOYEES INSURANCE COMPANY, Respondent.

Supreme Court, Appellate Term, Second Department, January 28, 2010

### APPEARANCES OF COUNSEL

*Amos Weinberg*, Great Neck, for appellants. *Law Offices of Teresa M. Spina*, Woodbury (*Emilio A. Cacace* of counsel), for respondent.

### OPINION OF THE COURT

MEMORANDUM.

Ordered that the order is affirmed without costs.

In this action by providers to recover assigned first-party no-fault benefits, plaintiffs moved for "partial summary judgment," asserting that, pursuant to CPLR 3212 (e) or, in the alternative, CPLR 3212 (g), the District Court should determine that plaintiffs had established their prima facie case with respect to their first cause of action. In opposition to the motion, defendant argued, among other things, that there was a lack of medical necessity for the services at issue. The District Court denied plaintiffs' motion, and this appeal by plaintiffs ensued.

Plaintiffs' contention that, pursuant to either CPLR 3212 (e) or, in the alternative, CPLR 3212 (g), they were entitled to "partial summary judgment" determining that they had established their prima facie case with respect to their first cause of action lacks merit. The branch of plaintiffs' motion seeking "partial summary judgment" pursuant to CPLR 3212 (e) was properly denied as the relief requested would not conclusively dispose of the merits of plaintiffs' first cause of action or even a part of that cause of action (*see* CPLR 3212 [e]).

Similarly, relief pursuant to CPLR 3212 (g) is not available to plaintiffs. This provision states that "[i]f a motion for summary judgment is denied or is granted in part, the court, by examining the papers before it and, in the discretion of the court, by interrogating counsel, shall, if practicable, ascertain what facts are not in dispute or are incontrovertible." As the court did not deny, or grant in part, a motion which sought summary judgment conclusively disposing of the merits of plaintiffs' cause of action, plaintiffs' motion seeking a limitation of issues of fact for trial pursuant to CPLR 3212 (g) was properly denied (*see* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3212:35; *see generally E.B. Metal & Rubber Indus. v County of Washington*, 102 AD2d 599 [1984]). Accordingly, the order is affirmed.

Nicolai, P.J., Tanenbaum and LaCava, JJ., concur.