# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1370

CA 13-01053

PRESENT: SCUDDER, P.J., CENTRA, CARNI, SCONIERS, AND WHALEN, JJ.

---

JAY W. HANES, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

ROBERT N. NARRACCI, DEFENDANT-APPELLANT.

---

JOSEPH D. CALDWELL, NEW HARTFORD, FOR DEFENDANT-APPELLANT.

THE GOLDEN LAW FIRM, UTICA (LAWRENCE W. GOLDEN OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

-----------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Herkimer County (Erin P. Gall, J.), entered December 31, 2012 in a personal injury action. The order denied the motion of defendant for summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he allegedly sustained when he slipped and fell down the exterior stairway of a building owned by defendant. Supreme Court properly denied defendant's motion seeking summary judgment dismissing the complaint. Defendant submitted evidence that, during the winter months, a gap between the roof and the gutter caused icicles to form and drip onto the stairway, resulting in the formation of black ice thereon. We reject defendant's contention that he was entitled to judgment as a matter of law based upon plaintiff's testimony at his deposition that he was "guessing it was black ice" that caused his fall (*see Godfrey v Town of Hurley*, 68 AD3d 1527, 1527-1528; *Belles v United Church of Warsaw*, 66 AD3d 1470, 1471). Although plaintiff testified that he did not see or otherwise sense that there was black ice on the stairway before he fell, we conclude that defendant's own submissions raised a triable issue of fact with respect to proximate cause (*see Belles*, 66 AD3d at 1471). Contrary to his further contention, defendant failed to establish as a matter of law the merit of his alternative theory that the accident was caused by snow tracked onto the stairway in the treads of plaintiff's boots (*see Higgins v Pope*, 37 AD3d 1086, 1087). Inasmuch as defendant failed to meet his burden on the motion, there is no need to consider the sufficiency of plaintiff's opposing papers (*see Gafter v Buffalo Med. Group, P.C.*, 85 AD3d 1605, 1606).

Entered: January 3, 2014

Frances E. Cafarell
Clerk of the Court