OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Plaintiff, an 18-year-old college student, sustained serious physical injuries during a party when he dove or was thrown into the shallow end of an in-ground residential swimming pool. In this action to recover damages for these injuries, plaintiff contends that defendant Pal Pools, Inc., the manufacturer and installer of the pool, was negligent in failing to place depth markers at appropriate locations around the pool or take other measures to apprise prospective users of the comparative depth of the water.
Although plaintiff has no present recollection of exactly how he "entered” the pool, he was an experienced swimmer familiar with in-ground pools and with the proper method of diving into shallow water. At an examination before trial, he admitted, among other things, that he had observed a diving board at one end of the pool, which he knew to be the deep end, and a set of steps at the opposite end of the pool, which he knew to be the shallow end, and that he saw several people standing in the pool.
By virtue of plaintiff’s general knowledge of pools, his observations prior to the accident, and plain common sense, plaintiff must have known that, if he dove into the pool, the area into which he dove contained shallow water. On the other hand, if he was thrown, the manufacturer of the pool could in no respect be at fault (see, Ventricelli v Kinney Car Sys. Rent A Car, 45 NY2d 950; Mack v Altmans Stage Light. Co., 98 AD2d 468). The Appellate Division, therefore, properly concluded that the lack of depth warning devices was not the proximate cause of plaintiff’s injuries, and properly dismissed the complaint against Pal Pools (see, Dailey v Major Pool Equip. Corp., 30 NY2d 846; Colosimo v May Dept. Store Co., 466 F2d 1234; Caruso v Aetna Ins. Co., 186 So 2d 851 [La App]; Products Liability — Swimming Pools, Ann., 6 ALR4th 492).
The contention that plaintiff’s amnesia entitles him to prevail on a lesser degree of proof and precludes summary *695 judgment against him is without merit. Our concern here is with proximate cause which may be resolved on evidence ascertainable from other sources. Moreover, the "burden of proof remains on the amnesiac plaintiff * * * to present prima facie evidence of defendant’s negligence before the * * * [lesser degree of proof] rule can be applied * * * Unless there is some evidence, even if weak, upon which a jury could find defendant negligent the complaint must be dismissed” (1 NY PJI2d 19 [1984]; see also, Schechter v Klanfer, 28 NY2d 228; Jarrett v Madifari, 67 AD2d 396, 403).
Chief Judge Wachtler and Judges Meyer, Simons, Kaye, Alexander and Titone concur; Judge Hancock, Jr., taking no part.
Order affirmed, with costs, in a memorandum.