■ Sadie Nikolaus, Respondent, v State of New York, Appellant.—Kane, J. Appeal from a judgment in favor of claimant on the issue of liability, entered January 9, 1986, upon a decision of the Court of Claims (Hanifin, J.).

At about 9:30 A.M. on October 8, 1983, claimant was operating her 1978 Ford Pinto automobile on State Route 145, proceeding south from the Town of Cobleskill to the Town of Middleburgh in Schoharie County. The weather was clear and the road was dry. The terrain could best be described as "hilly". As she proceeded down a medium grade to a dip in the two-lane highway, claimant noticed a State Police vehicle, with its emergency lights flashing, stopped behind a blue van on the opposite side of the highway facing north. Both of these vehicles were on or at the edge of the shoulder of the highway approximately 200 feet from the crest of an ascending grade facing claimant as she proceeded south. As claimant proceeded upgrade, and at a point just past the patrol car, another vehicle proceeding north broke over the crest of the hill, crossed over into claimant's lane of travel and crashed into her vehicle, causing her to sustain serious personal injuries.

After a trial limited to the issue of liability, the Court of Claims, finding in favor of claimant, determined that the State Trooper was negligent in stopping his patrol car too close to the crest of the hill, and that its presence with the emergency lights flashing surprised the driver of the vehicle approaching from the south, causing the operator, Ella Wentworth, to cross over the center line of the highway and collide with claimant's vehicle.

Since this is a case where we may weigh the evidence and grant the judgment which, in our view, should have been granted by the trial court (see, Arnold v State of New York, 108 AD2d 1021, appeal dismissed 65 NY2d 723), we conclude that the judgment appealed from must be reversed and the claim dismissed. This record clearly demonstrates that the sole proximate cause of this accident was the negligent operation of the Wentworth vehicle. Claimant, and other witnesses at the scene, testified that the patrol car was stopped either

on the shoulder of the highway, or no more than 12 to 18 inches beyond the northerly lane white line delineating the shoulder from the roadway, and at least 200 feet from the crest of the hill with a clear view to the north beyond that location (see, Vehicle and Traffic Law § 1201 [a]). The State Trooper had apprehended a speeder 3 or 4 minutes earlier, and was acting in accordance with the requirements for an authorized emergency vehicle (see, Vehicle and Traffic Law § 1104). We further conclude that his actions were reasonable and in accordance with the exercise of his best judgment in dealing with a traffic violation (see, Selkowitz v State of New York, 55 AD2d 709; Strobel v State of New York, 36 AD2d 485, affd 30 NY2d 629). In addition, we note that during this period, other vehicles passed the scene without incident.

Moreover, we fail to perceive how the State can be cast in liability, even if the actions of the State Trooper were found to be negligent. Certainly, it is not reasonably foreseeable that a driver approaching a flashing red light on an emergency vehicle 200 feet away will elect to leave her lane of traffic, cross the center line of the highway and strike another oncoming vehicle, rather than slow down, stop or at least maintain her course in her own lane. The actions of the Wentworth vehicle were extraordinary independent intervening acts, not emanating from any original negligent act chargeable to the State and, accordingly, are not actionable (see, Boltax v Joy Day Camp, 67 NY2d 617, 620; Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315; Rogers v Huggins, 106 AD2d 621, 622).

Judgment reversed, on the law and the facts, without costs, and claim dismissed. Mahoney, P. J., Kane and Harvey, JJ., concur.

Weiss and Levine, JJ., dissent and vote to affirm in a memorandum by Weiss, J. Weiss, J. (dissenting). We respectfully dissent. Claimant was required to establish that the State Trooper's conduct was a substantial causative factor in the sequence of events that led to her injury (see, Nallan v Helmsley-Spear, Inc., 50 NY2d 507, 520; Restatement [Second] of Torts § 430 [1965]). "That showing need not be made with absolute certitude nor exclude every other possible cause of injury" (Koester v State of New York, 90 AD2d 357, 361; see, Spett v President Monroe Bldg. & Mfg. Corp., 19 NY2d 203, 205). It was enough that claimant showed facts and conditions from which the negligence of the trooper and the causation of the accident by that negligence could reasonably be inferred (see, Koester v State of New York, supra, at 361; Sewar v

*Gagliardi Bros. Serv.,* 69 AD2d 281, 289, *affd* 51 NY2d 752). And where, as here, an intervening act contributes to claimant's injuries, "liability turns upon whether the intervening act is a normal or foreseeable consequence of the situation created by the defendant's negligence" *(Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315).

These principles in mind, review of the testimony demonstrates that the Court of Claims had ample basis to conclude that the speed of the Wentworth car did not exceed the lawful limit, that Wentworth did not have sufficient time to react to the flashing lights on the roof of the patrol car, that she was surprised and startled by the lights and, in response, crossed the center line into claimant's lane causing the collision. The conclusion that the proximate cause of the accident was that the location of the patrol car was too close to the crest of the hill could logically be inferred from the facts and circumstances contained in the record. Accordingly, the findings of fact made by the court should not be disturbed *(see, Arnold v State of New York,* 108 AD2d 1021, *appeal dismissed* 65 NY2d 723).