SHERI DENKENSOHN, an Infant, by CHARLES DENKENSOHN, Her Father and Natural Guardian, et al., Appellants, v RICHARD DAVENPORT et al., Defendants and Third-Party Plaintiffs, and PACIFIC PALM POOLS INTERNATIONAL, INC., et al., Respondents, et al., Defendants. SEABOARD INDUSTRIES, Third-Party Defendant-Respondent.

Third Department, January 12, 1989

## APPEARANCES OF COUNSEL

*Moran, Spiegel, Pergament & Brown (Cynthia K. Fichera* of counsel), for appellants.

*Donohue, Sabo, Varley & Armstrong, P. C. (Kathleen L. Werther* of counsel), for Pacific Palm Pools International, Inc. and others, respondents.

*Buchyn, O'Hare & Werner (Paul J. Campito* of counsel), for Archie Lawrence & Son, respondent.

*Carter, Conboy, Bardwell, Case, Blackmore & Napierski (Dianne Bresee Mayberger* of counsel), for third-party defendant-respondent.

## OPINION OF THE COURT

LEVINE, J.

This action arose from a diving accident which occurred in August 1983 at a residential swimming pool owned by defendants and third-party plaintiffs Richard Davenport and Betty Davenport. On the night of the accident plaintiff Sheri Denkensohn (hereinafter plaintiff), then 16 years old, had attended a party with her girlfriend, Stacy Gorman. Later on, plaintiff left the party in the company of Gorman, David Davenport and Brian Cessarato. After stopping at a local bar/restaurant, the four proceeded to the Davenport home to swim. Plaintiff had never been to the Davenport home before.

According to plaintiff, when they arrived at the Davenport home and had changed into their swimsuits, David announced that a ritual existed whereby each person had to enter the pool for the first time by diving off the water slide at the side of the pool. As the group walked out the back door of the house to the pool area, plaintiff remembered that she was wearing her contact lenses and went to the car to remove them. Plaintiff returned to the pool area which was dimly lit by only a back porch light; David had chosen not to turn on

the pool's 300-watt underwater light. Because of the darkness plaintiff was unable to see her friends, who had already entered the water, but could hear them splashing. Plaintiff climbed to the top of the slide and was aware that she could make out the surface of the water, but could not discern the depth. Before diving, plaintiff asked David whether it was all right to dive and he responded that it was. Relying on David's assurance, and the fact that other water slides plaintiff was familiar with were located at the deep end of the pools, plaintiff presumed that the water in front of her was deep enough for diving. Tragically, plaintiff dove into the shallow part of the pool immediately adjacent to the slide, struck her head on the bottom and was rendered a quadriplegic. Prior to the accident plaintiff, an avid swimmer, had obtained her senior lifesaving certificate and was employed as a lifeguard at a local hotel. Plaintiff also acknowledged that she had consumed some alcohol on the night of the accident.

This action was instituted against, *inter alia,* the corporations who manufactured and distributed the in-ground pool (hereinafter collectively referred to as Pacific Pools); the contractor who installed both the pool and the slide, defendant Archie Lawrence & Son; the manufacturer of the slide, defendant Aquaslide 'n' Dive Corporation; and Betty Davenport, Richard Davenport and their son, David. Seaboard Industries, the company that bought the slide from Aquaslide and sold it to Archie Lawrence, was brought in as a third-party defendant by the Davenports.

Following pretrial discovery, Pacific Pools moved for summary judgment on the ground that plaintiff had failed to establish a prima facie case proving causation between the injuries sustained and the alleged acts or omissions of defendants. Seaboard and Archie Lawrence, among others, crossmoved for summary judgment on essentially the same ground. In opposition to the motions, plaintiff contended that factual issues existed as to defendants' liability in negligence or strict products liability for their alleged failure to provide adequate lighting and depth warning devices, failure to warn of the hazards of diving, negligent installation and defective design of the pool and slide. Supreme Court granted the motions for summary judgment by Pacific Pools, Archie Lawrence and Seaboard (hereinafter collectively referred to as defendants). Relying on *Smith v Stark* (67 NY2d 693) and *Boltax v Joy Day Camp* (67 NY2d 617), Supreme Court held that the proximate cause of plaintiff's injuries "was plaintiff's error of judgment

and her recklessness coupled with that of defendants Davenport, and not defects in the manufacture, sale and installation of the pool and [water slide] ladder". This appeal by plaintiff ensued.

■ On appeal plaintiff contends that Supreme Court erred in ruling that no questions of fact exist as to whether the alleged acts and omissions of defendants were a proximate cause of plaintiff's injuries and in finding that the conduct of plaintiff and the Davenports was so unforeseeable as to absolve all other defendants of liability. We agree with plaintiff's contention that this case is distinguishable from *Smith v Stark (supra)* and *Boltax v Joy Day Camp (supra)*. Specifically, in each case, the Court of Appeals found that there was uncontradicted evidence that the plaintiff, an experienced swimmer, was *actually aware* of the shallow depth of the water in which he dove and, hence, his reckless conduct was an unforeseeable intervening cause absolving the defendants from liability *(see, Smith v Stark, supra,* at 694; *Boltax v Joy Day Camp, supra,* at 620; *see also, Howard v Poseidon Pools,* 72 NY2d 972). In the instant case, there is clearly evidence from which a jury could conclude that plaintiff lacked such awareness. As to whether the conduct of David Davenport constituted recklessness sufficient to break the chain of causation, the evidence was that he and another guest that night had just previously dived safely from the slide and that, when he gave the assurance to plaintiff, he observed her facing the deep end of the pool. The trier of fact could reasonably infer, on the basis of the evidence, that David was unaware that plaintiff could not see the relative depth levels of the pool. Cumulatively, then, the evidence could support a finding that David's conduct was merely negligent rather than reckless and, therefore, this tragic accident was attributable to multiple causes. Moreover, there was opinion evidence that diving off a slide was a foreseeable use of the equipment. Based on the facts presented, we are unpersuaded that the actions of plaintiff and David constituted such unforeseeable recklessness that it could be said that, as a matter of law, their conduct was the sole proximate cause of the accident *(see, Roberts v Town of Colchester,* 139 AD2d 819; *Searles v Town of Horicon,* 116 AD2d 93).

■ Plaintiff's theories of recovery against Pacific Pools, as the manufacturer and distributor of the pool involved in this case, are based upon its failure to provide adequate depth warning devices, failure to warn of the potential hazards of

water slides and failure to provide adequate pool lighting. As to allegations regarding the depth warning devices, Pacific Pools presented unrefuted evidence that the pool kit sold to the Davenports included "no diving" and "shallow end" decals to be placed around the shallow portion of the pool. In our view, these decals, which were apparently never applied by the installer, were sufficient to satisfy Pacific Pools' duty to warn against diving into shallow water. We also reject plaintiff's contention that Pacific Pools had a duty to warn against diving from the water slide. Pacific Pools did not market the slide purchased by the Davenports and there is no evidence in the record that Pacific Pools was aware that a slide was to be installed with the pool. We are also unpersuaded that Pacific Pools failed to provide adequate lighting or that it had a duty to warn of the dangers of swimming in the dark. Moreover, we fail to see how Pacific Pools could be held accountable for the intentional nonuse of the underwater light on the night of the accident. Based on the foregoing, we conclude that Supreme Court properly granted Pacific Pools' motion for summary judgment.

■ Plaintiff also contends that Supreme Court erred in granting summary judgment to Archie Lawrence & Son, the retail distributor and installer of the Davenports' pool. We agree. It is uncontested that in 1976, three years after the Davenports purchased their pool and slide from Archie Lawrence, the dangers associated with water slides and shallow water diving became widely known in the swimming pool industry. In response to new regulations promulgated by the Federal Consumer Product Safety Commission, Aquaslide began to issue warning decals to be placed on its slides. According to the deposition testimony of Carl Meyer, Aquaslide's president, the manufacturer sent safety information and warning decals to its distributors, including Archie Lawrence, so that modifications could be made to water slides already in use. One of the decals issued by the manufacturer read, "No Standing Up On Top Platform of This Slide. Careless Misuse Can Cause Serious Injury." Archie Lawrence, however, apparently never passed these warnings on to the Davenports. Based on the foregoing, we conclude that factual issues exist as to whether Archie Lawrence had a postsale duty to warn and, if so, whether there was compliance with such a duty (see, Cover v Cohen, 61 NY2d 261, 275-277).

■ Finally, as to plaintiff's and third-party plaintiffs' allegations of defective design of the slide, none of the defendants

has submitted evidence, by expert opinion or otherwise, to refute plaintiff's allegations that the configuration of the slide enhanced the opportunity and ability of persons to use the top of the slide as a diving platform, a foreseeable use of the slide. Therefore, none of the defendant vendors who were in the chain of sale of the device has submitted a prima facie defense to recovery against them on the basis of strict products liability (see, 2C [Part 2] Warren, Negligence in the New York Courts, Products Liability, § 1.02, at 950 [3d ed]; see also, Sukljian v Ross & Son Co., 69 NY2d 89, 95) which would entitle them to summary judgment.

KANE, J. P. (dissenting in part and concurring in part). We are not persuaded that any act or failure to act on the part of defendant Archie Lawrence & Son or third-party defendant, Seaboard Industries, was a proximate cause of the injuries sustained by plaintiff Sheri Denkensohn (hereinafter plaintiff). The plain, simple and tragic fact is that plaintiff, trained in water safety and diving techniques and employed as a lifeguard at the time of her accident, without knowing the depth of the water and after removing her contact lenses, dove into an unlighted pool from the top of a slide in the dark of the night. Although she was assured by David Davenport that it was all right to dive, she could not see the contour of the pool, the people in it or the level of the water. Moreover, in her testimony at an examination before trial, she stated that had she been able to see she would not have executed her dive.

As a basis for denying summary judgment to Archie Lawrence and Seaboard, the majority finds questions of fact exist as to whether Archie Lawrence had a postsale duty to warn, and if so, whether it was complied with, and that Seaboard offered no evidence to refute plaintiff's allegations of defective design of the slide, and that diving off of a slide was a foreseeable use of such a facility. This, the majority concludes, creates factual issues of proximate cause.

As to Archie Lawrence, whether there were warning signs posted is, under the circumstances of this case, totally irrelevant. The record demonstrates that had decals or warnings been posted, plaintiff would not have seen them. As to Seaboard, there is nothing in this record to suggest that a slide of a different design would have altered the ritual articulated by David Davenport for those entering the pool for the first time. It is the urging of David and the poor judgment of plaintiff that provide the proximate causes for the injuries sustained

by plaintiff. They are the independent intervening acts, extraordinary under the circumstances, which supersede and break any alleged causal nexus between a duty owed by Archie Lawrence and Seaboard and the injuries sustained by plaintiff *(see, Smith v Stark,* 67 NY2d 693, 694; *Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315; *see also, Nikolaus v State of New York,* 129 AD2d 865, 866, *appeal dismissed* 70 NY2d 728, *lv denied* 70 NY2d 616).

Accordingly, we would affirm the order appealed from.

WEISS and MERCURE, JJ., concur with LEVINE, J.; KANE, J. P., and MIKOLL, J., dissent in part and concur in part and vote to affirm in an opinion by KANE, J. P.

Order modified, on the law, without costs, by reversing so much thereof as granted summary judgment dismissing the complaint, cross claims and counterclaims asserted against defendant Archie Lawrence & Son and third-party defendant, Seaboard Industries; motions denied as to those claims; and, as so modified, affirmed.