■ JOHN DICHIARA et al., Respondents, v A.J. MCNULTY & COMPANY, INC., et al., Defendants, and AMERICAN HOIST & DERRICK COMPANY, Appellant. (And Third-Party and Second Third-Party Actions.)—

The plaintiff was a maintenance foreman and because of his lengthy experience, was knowledgeable about the operation of cranes. He was attempting to repair a cable on a crane which was not wrapping itself properly around the drum, but was bunching on one side. As he stood on the metal roof of the crane cab guiding the cable as it spooled on the drum, he lost his balance and fell toward the unprotected and exposed machinery. His hand became trapped between another cable and a wheel upon which the cable turns and, as a result, three fingers of his left hand were severed.

There are numerous defendants, including Am Hoist, the defendant-appellant herein, the manufacturer of the crane. The third cause of action alleges negligence against said defendant-appellant, including claims of improper design and manufacture as well as failure to warn of defects or dangerous propensities, and the fourth cause of action is predicated on strict products liability.

After discovery, plaintiff moved to serve a supplemental answer to interrogatories to add two additional claims for failure by the defendant-appellant to comply with the applicable standard of the Power Crane and Shovel Association and failure to place railings on the crane cab. Of course, pursuant to CPLR 3134 (c), which permits amendment of answers to interrogatories only upon an order of the court upon a motion, there must be good cause shown. (See, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3134:3, at 686.) Such good cause is evident, since the amendment was sought after depositions of Am Hoist were held, at which time additional facts were ascertained and the contentions sought to be added became more obvious. Further, there is no allegation of prejudice or surprise if the amendment is permitted.

With respect to the denial of partial summary judgment, summary judgment will generally not lie if the liability claim is based on a claim of a manufacturer's failure to warn. (Lugo v LJN Toys, 146 AD2d 168, 170, lv granted 151 AD2d 1056.) While plaintiff was admittedly familiar with the operation of cranes, it cannot be conclusively said that the situation in which he was involved was one with which he should have expected to be confronted. This is not like cases involving diving into the shallow end of a pool (see, Smith v Stark, 67 NY2d 693) or a child swallowing a balloon (see, Landrine v Mego Corp., 95 AD2d 759). Concur—Kupferman, J. P., Asch, Kassal, Wallach and Rubin, JJ.