◼ DONALD R. BAKER, Respondent, v MICRO SWITCH, a Division of HONEYWELL, INC., et al., Defendants, and ALLEN-BRADLEY COMPANY, Appellant. [602 NYS2d 485] —Order unanimously affirmed with costs. Memorandum: Plaintiff was injured in 1984 while operating a punch press. The complaint and answers to interrogatories based the liability of Allen-Bradley Company (defendant) upon its manufacture of an allegedly defective motor starter in the punch press. Disclosure yielded no facts supporting that theory, but depositions of defendant's employees in August 1992 revealed that defendant had also manufactured the foot pedal in the punch press. Defendant's contention at oral argument that plaintiff became aware of defendant's manufacture of the foot pedal as early as 1986 at an examination before trial of Richard N. Provi, a representative of Rockford Safety Equipment Company, was not called to Supreme Court's attention and thus was not preserved for our review (see, Douglas Elliman-Gibbons & Ives v Kellerman, 172 AD2d 307, lv denied 78 NY2d 856). That portion of Provi's testimony referred to in an affidavit supporting defendant's motion for summary judgment referred only to a control package for mechanical presses designed by Micro Switch, a former party to this action. Plaintiff moved to amend his answers to the interrogatories to allege that defendant had been negligent in failing to warn of the dangers related to the foot pedal, and that such negligence had contributed to causing the accident. Defendant's allegations of prejudice and inexcusable delay were insufficient to defeat plaintiff's motion (see, DiChiara v McNulty & Co., 158 AD2d 366; see also, CPLR 3134 [c]) and Supreme Court properly denied defendant's motion for summary judgment. (Appeal

from Order of Supreme Court, Onondaga County, Reagan, J.—Summary Judgment.) Present—Pine, J. P., Fallon, Boomer, Davis and Boehm, JJ.