[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTION FOR SUMMARY JUDGMENT BY DEFENDANT WEATHERKINGPRODUCTS, INC.
The defendant Weatherking Products, Inc. has filed a motion for summary judgment against the plaintiff on the plaintiff's product liability claims. In her complaint, the plaintiff Jana Battistoni alleges that her injuries, which she suffered after diving into the shallow end of a pool, resulted from the defendant's failure to provide adequate warning of the potential dangers of using the pool.
The plaintiff alleges in her complaint that Weatherking Products, Inc. was the manufacturer and Gregorio Associates, Inc. was the seller and installer of the Grecian pool in which her injuries occurred. She alleges that in those capacities Weatherking and Gregorio Associates are liable for her injuries under Connecticut Products Liability Act, General Statutes § 52-572m-572q.[1]
The complaint asserts that the injuries were caused by the defendant, Weatherking's failure to place depth markings and warnings of the dangers of using the pool which could not be removed by the homeowner.
The plaintiff testified that she had been to the O'Leary's pool on several occasions prior to the day of the accident. (Battistoni Dep. Tr. pgs. 75 and 77.)[2]
The plaintiff testified that on June 20, 1990 she was attending a pool party at the O'Leary's home in Goshen, Connecticut. Because she had swam at their pool before, the plaintiff was aware of the configuration of their pool and of different depths. (Battistoni Dep. Tr. pgs. 81, 82, 83 and 100.)[3] Plaintiff knew that at the deep end the water went over her head, and that at the shallow end it did not. (Battistoni Dep. Tr. pg. 105.)[4] She had observed others standing on the shallow end and had herself stood in the shallow end. (See Footnote 3 — Battistoni CT Page 10125 Dep. Tr. at pgs. 81, 83 and 100.) She was also aware that there was a line of ballasts separating the deep and shallow ends of the pool. (Battistoni Dep. Tr. at pgs. 88 and 89.)[5]
Furthermore, the plaintiff testified that she was aware of the possibility of striking the bottom of the pool and suffering bodily harm as a result of the impact. (Battistoni Dep. Tr. pgs. 107, 108, 177 and 178.)[6]
She testified that prior to making the dive in question, she knew she was diving into shallow water and that she could hit the bottom of the pool. (See Footnote 6 — Battistoni Dep. Tr. at pg. 177.)
The defendant Weatherking Products claims that the motion for summary judgment should be granted because the plaintiff has failed to allege any facts which create a genuine issue of material fact. Practice Book § 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact." Connecticut Practice Book § 384;Haesche v. Kissner, 229 Conn. 213, 217 (1994);Scrapchansky v. Town of Plainfield, 226 Conn. 446, 450
(1993); Connecticut Bank Trust Co. v. Carriage LaneAssociates, 219 Conn. 772, 780 (1991).
Although a party seeking summary judgment bears the initial burden of establishing the absence of any genuine issue of material fact, "the opposing party must substantiate its adverse claim with evidence disclosing the existence of such an issue." Haesche,229 Conn. at 217. (citing Connecticut Bank Trust Co.,219 Conn. at 781). Furthermore, the trial court must resolve all ambiguities in the light most favorable to the nonmoving party. Scrapchansky, 226 Conn. at 450 (quotingConnecticut Bank Trust Co., 219 Conn. at 781). The test is whether the party would be entitled to a directed verdict on the same facts. Haesche 229 Conn. at 217
(citing Connecticut Bank Trust Co., 219 Conn. at 781).
Notwithstanding the low standard afforded to the non-moving party to survive a motion for summary judgment, the opposing party must do more than merely assert the existence of a genuine issue of material fact. CT Page 10126Scrapchansky, 226 Conn. at 450 (citing Burns v. HartfordHospital, 192 Conn. 451, 455 (1984). The plaintiff in her complaint has merely asserted that the defendant's failure to warn caused her injuries. She has failed to substantiate this assertion with any proof that the alleged failure to warn was the proximate cause of her injuries.
Although generally a question of fact, "[p]roximate cause `becomes a question of law when the mind of a fair and reasonable person could reach only one conclusion." Sharp v. Wyatt, 31 Conn. App. 824, 835
(quoting Hall v. Winfrey, 27 Conn. App. 154, cert.denied, 222 Conn. 903 (1992). In her complaint, the plaintiff claims that the defendant's failure to provide depth markings or adequate warnings caused her injuries. However, neither the complaint nor the plaintiff's own testimony substantiates this assertion. A "bald assertion, without more, is insufficient to raise a genuine issue of material fact capable of defeating summary judgment." Connecticut Bank and Trust Co.,219 Conn. at 784.
"In a products liability action, the plaintiff must plead and prove that . . . the [product's] defect was the proximate cause of the plaintiff's injuries." Wierzbickiv. Grainger, Inc., 20 Conn. App. 332, 334 (citingZichichi v. Middlesex Memorial Hospital, 204 Conn. 399,403 (1987)). Merely establishing that there was a failure to warn by a product's distributor does not create a presumption of proximate cause. DeJesus v.Craftsman Machinery Co., 16 Conn. App. 558, 573 (1988). Specifically, General Statutes "§ 52-572q(c) governs the issue of causation in [failure to] warn cases." Sharp,31 Conn. App. at 835. The language of § 52-572q(c) unambiguously places upon the plaintiff the burden of proving, by a preponderance of the evidence, that "if adequate warnings or instructions had been provided, the claimant would not have suffered the harm. Conn. Gen. Stat. § 52-572q(c); Sharp, 31 Conn. App. at 838.
In Haesche v. Kissner, 229 Conn. 213, the Connecticut Supreme Court upheld the trial court's granting of summary judgment in favor of a manufacturer of air guns. The court affirmed the judgment because no CT Page 10127 reasonable person could conclude that the failure to warn was the proximate cause of the plaintiff's injuries. Id.
at 216-17. Based on the plaintiff's prior experience with BB guns, the court concluded that warnings would not have dissuaded the plaintiff from participating in the war games which resulted in his injury. Id. at 219. Especially significant is the court's finding that the plaintiff's ignorance of the degree of injury possible could not have affected his decision to participate in the war games since he did know that, generally, serious injury could occur. Similarly, plaintiff's claimed ignorance of the possibility that she could break her neck by diving into the pool would not have affected her decision to dive since she knew from her mother's experience that chipped teeth and facial injuries could result.
In Smith v. Stark, 490 N.E.2d 841, the New York Court of Appeals affirmed the Appellate Division's dismissal of plaintiff's complaint against a pool manufacturer in an action for negligence. The plaintiff alleged that the manufacturer had been negligent by failing to place depth markers on the pool. Id. at 842. The court held that given the plaintiff's experience as a swimmer and the fact that he had observed others in the different parts of the pool, he must have known that he was diving into shallow water. Id. If he was so aware, the court concludes the lack of depth markers could not constitute the proximate cause of his injuries. Id.
Applying New York law, the Eastern District of New York similarly held that where the plaintiff is an experienced swimmer and is aware of which end of the pool is shallow, the manufacturer's failure to warn could not constitute the proximate cause of the plaintiff's injuries. Winant v. Carefree Pools, 709 F. Sup. 57
(E.D.N.Y. 1989). As in the case at bar, the plaintiff inWinant not only had extensive experience with other swimming pools, but had previously used the pool in which the accident occurred. Id. at 62. The court takes the plaintiff's familiarity with the pool and with swimming in general as the basis for concluding that the plaintiff must have known he was diving into shallow water. Id.
Therefore, the court concludes, "the plaintiff's conduct was, as a matter of law, the sole proximate cause of his CT Page 10128 injury" since "any warning provided by the manufacturer would merely have served to tell the plaintiff that which he already knew." Id.
In Vallillo v. Muskin Corp., 514 A.2d 528, the Appellate Division of the Superior Court of New Jersey faced a similar case where a plaintiff claimed his injuries were caused by the pool manufacturer's failure to warn users of the potential risks of diving into shallow water. In holding that, as a matter of law, the absence of a warning could not have constituted the proximate cause of the injuries, the court noted that "if the user of a product knows at the moment of use the very danger of which the warning would have appraised him . . . the presence or absence of the warning is irrelevant." Id. at 530. Furthermore, the court rejects the plaintiff's argument that he was only aware of the possibility of injury but not of the extreme extent of those injuries, so that a specific warning as to the possibility of spinal injury would have appraised him of information not known to him. The court explains that, given the wide range of possible injuries, a warning "tak[ing] on the characteristics of drug package inserts" would be ineffective, and that "[i]t is generally sufficient if the warning gives general notice of danger and the conduct to be avoided." Id. at 531, n. 3.
In Neff v. Coleco Industries, Inc., 760 F. Sup. 864, the District Court of Kansas joined the "overwhelming majority of jurisdictions" which "have concluded that, because of a plaintiff's swimming and diving experience, the absence of a warning was not the proximate cause of the plaintiff's injury." Id. at 867. As in Winant, the court concludes that due to the plaintiff's familiarity with the pool where the accident occurred, as well as of other pools, and his knowledge of the depth of the pool, it was his own act and not the lack of warning which caused the plaintiff's injury. Id.
at 868.
Pursuant to § 52-572q(c), the plaintiff must prove that, had the pool contained depth markings or other warnings, she would not have dived into the shallow end of the pool. Such a conclusion is unsupportable when reviewed in the context of the plaintiff's testimony. A CT Page 10129 warning would only have conveyed to the plaintiff information of which she was already aware, and would have, therefore, had no effect on her decision to dive into the shallow end of the pool.
The plaintiff's deposition contains extensive references to her experience in the O'Leary pool. She was aware of which was the shallow end and of its depth since she had seen others standing there and had herself stood in it on prior occasions. (See Footnote 3 — Battistoni Dep. Tr. pgs. 81 and 100.)
Moreover, unlike in Smith and Winant, in the case at bar there is no need to determine whether the plaintiff knew or should have known she was diving into shallow water. In view of her experience as a swimmer and familiarity with the pool, that determination is moot. The plaintiff admitted that she knew she was diving into shallow water. (See Footnote 6 — Battistoni Dep. Tr. pg. 177). Furthermore, she testified that she knew she could suffer injuries as a result of it. (See Footnote 6 — Battistoni Dep. Tr. pg. 177). The courts in Haesche
and Vallillo establish that the absence of a warning cannot constitute the proximate cause of an injury when the user of the product is aware of the danger of which the warning would have appraised her, even where the user claims not be aware of the specific degree of possible injury.
Given the plaintiff's knowledge, as evidenced by her testimony at her deposition, that she was diving into the shallow end of the pool, and her understanding that such an action could result in bodily injury to her, a reasonable mind could only conclude that she would have chosen to dive in even if there had been a warning informing her of facts she already knew. Therefore, rather than the absence of depth marks or warnings, it was her own act of diving that constituted the proximate cause of her injuries.
A plaintiff who "dives into a pool `with actual or constructive knowledge that the depth will not permit such action safely, has disregarded an obvious or known danger.'" Winant, 709 F. Supp. at 60-61. See Vallillo, 512 A.2d at 532. Where such an open and obvious danger CT Page 10130 exists, a manufacturer has no duty to warn, if the potentially dangerous condition is readily apparent or can be detected upon casual inspection by persons not having particular expertise or experience. Glittenberg v.Doughboy Recreational Industries, 491 N.W.2d 208 (Mich. 1992). The product's manufacturer has no duty to warn where the consumer is in an equal position to ascertain the potential danger. Id. at 213.
The court in Glittenberg concluded that, where a risk is obvious from its observable characteristics, the product itself warns the user of the potential risks attached. Numerous courts have found that a pool is such a product that, by its characteristics, informs users of the potential danger of diving into the shallow end. The plaintiff's own testimony establishes that the pool in question, by its very obvious characteristics warned the plaintiff of the possible dangers involved. She ascertained, through her own observations, the varying depths at the different parts of the pool. (See Footnotes 3 and 4 — Battistoni Dep. Tr. at pgs. 81, 105).
An "overwhelming majority of jurisdictions that have confronted cases similar to this have been unwilling to impose a duty to warn on the manufacturer of the pool."Neff, 760 F. Supp. at 867 (citing Winant, 709 F. Sup. 57;Glittenberg, 462 N.W.2d 348; Spaulding v. LescoInternational, 451 N.W.2d 603 (1990); Amatulli v. DelhiConstruction Corp., 156 A.2d 500, 548 N.Y.S.2d 774
(1989), Belling v. Haugh's Pools, Ltd., 511 N.Y.S.2d 958, (N.Y.App.Div. 4th Dept. 1987).
The courts in Vallillo, Glittenberg, and Jamieson,247 F.2d 23, cert. denied, 355 U.S. 855 (1957), have held that a manufacturer need not warn of all conceivable injuries resulting from all possible misuses of the product. Although the plaintiff claims not to have been aware of the possibility of spinal cord injury, she admits she was generally aware of the risk of bodily injury. (See Footnote 6 — Battistoni Dep. Tr. pg. 178). Given the openness and obviousness of the risks attached to diving headfirst into shallow water, evidenced by the plaintiff's actual knowledge of such risks through personal observation, the manufacturer, Weatherking Products, was not under a legal duty to warn users of a CT Page 10131 specific type of injury.
The court finds that the plaintiff has failed to establish that the alleged failure to warn by defendant, Weatherking Products, was the proximate cause of her injuries. Rather, given her experience as a swimmer, her familiarity with pools and the O'Leary's pool in particular, and her admission that she knew she was diving into shallow water, a reasonable mind could only conclude that her own action was the proximate cause of her injury. Her awareness of the possibility of physical harm as a result of diving into shallow water shows that a warning would have only communicated what the plaintiff already knew. Therefore, such a warning would have had no effect on her decision to dive in.
Furthermore, because the danger of diving headfirst into shallow water is an open and obvious one, the manufacturer has no legal duty to warn of such a danger which is readily ascertainable from the characteristics of the pool. For the reasons stated above, no genuine issue of material fact exists and Weatherking Product's motion for summary judgment is granted.
PICKETT, J.