█ RICHARD A. ACAMPORA, JR., Respondent, v STATE OF NEW YORK, Appellant. [636 NYS2d 876] —Mikoll, J. P. Appeal from a judgment of the Court of Claims (Hanifin, J.), entered April 11, 1995, upon a decision of the court following a bifurcated trial in favor of claimant on the issue of liability.

On April 7, 1991, while claimant was traveling along State Route 17 in the Town of Windsor, Broome County, at approximately 11:50 A.M., his vehicle was pulled over to the shoulder of the road for speeding by State Trooper David Stankiewicz. When Stankiewicz went back to his vehicle to write the ticket, however, he heard a radio report from aerial traffic surveillance that a vehicle traveling at approximately 94 miles per hour was approaching that area. Thereafter, while standing near claimant's vehicle straddling the white line so that one of his legs was in the driving lane, Stankiewicz waved to the driver of the fast-approaching vehicle to pull over. The driver of this second vehicle then pulled over onto the shoulder and struck claimant's vehicle from behind, causing claimant to sustain serious injuries. Thereafter claimant commenced this action alleging that Stankiewicz negligently contributed to the accident by directing the fast-moving vehicle to pull in behind claimant on the shoulder of the highway. Following a nonjury trial on the issue of liability, the Court of Claims determined that Stankiewicz was 40% negligent and the driver of the vehicle that struck claimant was 60% negligent. This appeal by the State ensued.

We affirm. Where the Court of Claims' findings as to credibility are supported by the record, they are entitled to deference and will not be disturbed on appeal (*see, Trendell v State of New York*, 214 AD2d 887, 888-889). Here, we agree with the Court of Claims that it could reasonably be inferred from the proof presented that Stankiewicz specifically directed the second driver to pull in *behind* claimant's car, and that this direction was negligent given the short distance from where the driver of the second vehicle first saw Stankiewicz and the location of claimant's car and the amount of time it would have taken the driver to slow down sufficiently to safely pull in behind claimant. Support for claimant's position also derives from the fact that Stankiewicz was standing partially in the roadway, which could have indicated to the oncoming driver that he had to pull over before he reached Stankiewicz (*cf., Scott v Keener*, 186 AD2d 955). Since there was also proof indicating that other Troopers included in that aerial surveillance team could have pursued the speeder, if necessary, we find no reason to disturb the Court of Claims' conclusion that the actions of Stankiewicz in this situation were not "reasonable and in accordance with the exercise of his best judgment in dealing with a traffic violation" (*Nikolaus v State of New York*, 129 AD2d 865, 866, *appeal dismissed* 70 NY2d 728, *lv denied* 70 NY2d 616).

Crew III, White, Casey and Peters, JJ., concur. Ordered that the judgment is affirmed, with costs.