■ MICHAEL J. ELMER, Respondent, v GERALD F. KRATZER et al., Appellants, et al., Defendant. [700 NYS2d 349] —Order unanimously reversed on the law without costs, motion granted and amended complaint against defendants Gerald F. Kratzer and Jevic Transportation, Inc. dismissed. Memorandum: Plaintiff commenced this action seeking damages for personal injuries he sustained after his motorcycle collided with a tractor-trailer (*see, Elmer v Kratzer,* 249 AD2d 899, *appeal dismissed* 92 NY2d 921). Supreme Court erred in denying the motion of Gerald F. Kratzer, the driver of the tractor-trailer, and Jevic Transportation, Inc., the owner of the tractor-trailer (defendants), for summary judgment dismissing the complaint against them.

Defendants met their initial burden by submitting evidence establishing that they were not negligent in any respect. In opposition to the motion, plaintiff failed to raise a triable issue of fact. Plaintiff testified at his deposition that he has no memory of the accident, and thus he is not held to as high a degree of proof as a plaintiff who is able to recall details of the accident (*see, Schechter v Klanfer,* 28 NY2d 228; *Noseworthy v City of New York,* 298 NY 76, 80; *Matter of Fasano v State of New York,* 113 AD2d 885, 888). However, "the 'burden of proof remains on the amnesiac plaintiff * * * to present prima facie evidence of defendant's negligence before the * * * [lesser degree of proof] rule can be applied * * * Unless there is some evidence, even if weak, upon which a jury could find defendant negligent the complaint must be dismissed' " (*Smith v Stark,* 67 NY2d 693, 695). Here, plaintiff failed to submit any evidence of negligence on the part of defendants, relying instead on pure conjecture, which alone is insufficient to support a finding of negligence (*see, Jarrett v Madifari,* 67 AD2d 396, 404). Moreover, the evidence submitted by the parties establishes that the conduct of plaintiff in attempting to pass the tractor-trailer on the right while it was making a right-hand

turn into a driveway was the sole proximate cause of his injuries (*see, Smith v Stark, supra*). (Appeal from Order of Supreme Court, Niagara County, Joslin, J.—Summary Judgment.) Present—Green, J. P., Hayes, Scudder and Balio, JJ.