■ JAMES MASON et al., Respondents, v WAYNE ANDERSON et al., Appellants, et al., Defendants. [752 NYS2d 390] —In an action to recover damages for personal injuries, etc., the defendants Wayne Anderson, Joette Anderson, and Melissa Anderson appeal from an order of the Supreme Court, Suffolk County (Seidell, J.), dated August 20, 2001, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The injured plaintiff James Mason was rendered a quadriplegic when he hit his head after diving into the shallow end of a swimming pool located at the home of the defendants Wayne Anderson, Joette Anderson, and Melissa Anderson.

Summary judgment is appropriate only when the record eliminates any legal cause other than the reckless conduct of the plaintiff and when, despite the defendant's negligence, the reckless conduct of the plaintiff was an unforeseeable superseding event sufficient to break the causal chain and thus absolve the defendant of liability (see Kriz v Schum, 75 NY2d

25). Summary judgment is an appropriate remedy in swimming pool injury cases when from his or her "general knowledge of pools, his [or her] observations prior to the accident, and plain common sense," the plaintiff should have known that, if he or she dove into the pool, the area into which he or she dove contained shallow water and, thus, posed a danger of injury (*Smith v Stark,* 67 NY2d 693, 694; *Edmonds v Fodera,* 239 AD2d 383; *Sciangula v Mancuso,* 204 AD2d 708).

The record on this appeal does not demonstrate that the injured plaintiff was actually aware of the depth of the water into which he dove. The injured plaintiff had never been in the pool before and did not know the depth of the water in it. The injured plaintiff's friend dove immediately before him and surfaced without any difficulty. The injured plaintiff had limited knowledge of pools. Thus, the record does not establish that the injured plaintiff's conduct was reckless as a matter of law, and the motion for summary judgment was properly denied as issues of fact exist for the trier of fact to resolve. Prudenti, P.J., Florio, Friedmann and Adams, JJ., concur.