■ FRANCISCO FERNANDES et al., Respondents, v JOHN LAWRENCE et al., Appellants, and MICHAEL J. AIELLO, SR., Respondent. [780 NYS2d 774]—

In an action to recover damages for personal injuries, etc., (1) the defendants John Lawrence, Lazy River Campground, and Mountain Meadows Development Corporation appeal from so much of an order of the Supreme Court, Kings County (Ruchelsman, J.), dated October 21, 2002, as denied their motion for

summary judgment dismissing the complaint insofar as asserted against them, and (2) the defendant Aqua-Jet Pools & Services, Inc., separately appeals (a), as limited by its brief, from so much of the same order as denied its motion for summary judgment dismissing the complaint insofar as asserted against it, and (b) from an order of the same court dated November 19, 2002, which granted the plaintiffs' cross motion for leave to amend their complaint to add a cause of action based upon strict products liability against it.

Ordered that the appeal by the defendant John Lawrence is dismissed as abandoned (see 22 NYCRR 670.8 [e]); and it is further,

Ordered that the order dated October 21, 2002, is reversed insofar as reviewed, on the law, the motions are granted, and the complaint is dismissed insofar as asserted against the appellants Lazy River Campground, Mountain Meadows Development Corporation, and Aqua-Jet Pools & Services, Inc., and it is further,

Ordered that the order dated November 19, 2002, is reversed, on the law, the cross motion is denied; and it is further,

Ordered that one bill of costs is awarded to the appellants Lazy River Campground and Mountain Meadows Development Corporation, and the appellant Aqua-Jet Pools & Services, Inc., appearing separately and filing separate briefs.

In an action alleging negligence arising out of a diving accident in a swimming pool, a defendant's motion for summary judgment should be granted where "the record eliminates any legal cause other than the reckless conduct of the plaintiff" (Kriz v Schum, 75 NY2d 25, 34 [1989] [internal quotation marks omitted]; see Smith v Stark, 67 NY2d 693 [1986]; Boltax v Joy Day Camp, 67 NY2d 617 [1986]). Summary judgment is an appropriate remedy in swimming pool injury cases when from his or her "general knowledge of pools, his [or her] observations prior to the accident, and plain common sense," the plaintiff should have known that, if he or she dove into the pool, the area into which he or she dove contained shallow water, and, thus, posed a danger of injury (Smith v Stark, supra at 694; see Mason v Anderson, 300 AD2d 551, 552 [2002]).

The plaintiff Francisco Fernandes (hereinafter the plaintiff), a 29-year-old experienced swimmer and diver, was injured when, after sitting poolside for approximately 10 minutes, he dove head first into the four-foot deep swimming pool of the appellant Lazy River Campground. The appellants Lazy River Campground and Mountain Meadows Development Corporation (hereinafter the campground appellants) established their prima

facie entitlement to judgment as a matter of law by demonstrating, inter alia, that at the time of the accident there was a sign at the entrance to the pool area, which the plaintiff admittedly failed to read, indicating that diving was prohibited. There were also conspicuous depth-markings and "no diving" admonitions along the perimeter of the pool deck. The campground appellants also demonstrated through the plaintiff's deposition testimony that he erroneously believed, based upon his experience at other pools, that the water into which he dove was nine feet deep. Under these circumstances, where the plaintiff failed to read the warnings and disregarded the risk, summary judgment dismissing the complaint insofar as asserted against the campground appellants is warranted (*see Anello v Town of Babylon,* 143 AD2d 714 [1988]; *Smith v Stark, supra* at 694). In opposition, the plaintiffs failed to raise a triable issue of fact.

The appellant Aqua-Jet Pools & Services, Inc. (hereinafter Aqua-Jet), established its prima facie entitlement to judgment as a matter of law by demonstrating that the pool was not negligently designed or constructed, and there were sufficient warning signs prohibiting diving. A representative of the Ulster County Health Department testified that the pool fully complied with the State Sanitary Code concluding that the pool's signage exceeded the applicable requirements (*see* 10 NYCRR 6-1.10, 6-1.29). Thus, the Supreme Court also erred in granting the plaintiffs' cross motion for leave to amend the complaint to add a cause of action based upon strict products liability against Aqua-Jet, since the proposed claim was also predicated on a failure to warn (*see Martin v Hacker,* 83 NY2d 1, 9 [1993]). In opposition, the plaintiffs failed to raise a triable issue of fact. Their reliance upon the American National Standards Institute Standards for Environmental and Facility Safety Signs known as ANSI Z535.2-1998 and Z535.2-1991 was misplaced as they failed to demonstrate that those standards represented the general custom or usage in the industry (*see Sawyer v Dreis & Krump Mfg. Co.,* 67 NY2d 328, 337 [1986]).

The parties' remaining contentions either are academic or without merit. H. Miller, J.P., Goldstein, Luciano and Cozier, JJ., concur.