JASON CLOUGH, as Administrator of the Estate of KATHLEEN KRISTINA CLOUGH, Deceased, Respondent, v ROY T. SZY-

MANSKI et al., Appellants, et al., Defendant. (Appeal No. 1.) [809 NYS2d 707]—

Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered July 6, 2004 in a wrongful death action. The order, insofar as appealed from, denied the motion of defendants Roy T. Szymanski and United Parcel Service, Inc. for summary judgment dismissing the complaint against them.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs, the motion of defendants Roy T. Szymanski and United Parcel Service, Inc. for summary judgment is granted and the complaint is dismissed.

Memorandum: Plaintiff commenced this wrongful death action to recover damages for the death of plaintiff's decedent following a collision between the vehicle driven by decedent and a truck owned by defendant United Parcel Service (UPS) and driven by defendant Roy T. Szymanski (collectively, defendants). We agree with defendants that Supreme Court erred in denying their motion for summary judgment dismissing the complaint against them. Defendants met their initial burden on the motion by submitting deposition testimony establishing that decedent's vehicle slid into the UPS truck's lane of travel and that Szymanski thereupon slowed the truck and moved it so far to the right that its right front tire was scraping the curb when the impact occurred. Defendants thus met their initial burden on the motion by establishing "both that [decedent's] vehicle suddenly entered the lane where [Szymanski] was operating [the UPS truck] in a lawful and prudent manner and that there was nothing [Szymanski] could have done to avoid the collision" (*Pilarski v Consolidated Rail Corp.*, 269 AD2d 821, 822 [2000]). We note in addition that it is well settled that "[a] driver faced with a vehicle careening across the highway directly into his path 'is not liable for [his] failure to exercise the best judgment or for any error[s] of judgment on [his] part' " (*Gouchie v Gill*, 198 AD2d 862, 862 [1993]; *see Palmer v Palmer*, 31 AD2d 876, 877 [1969], *affd* 27 NY2d 945 [1970]; *Velez v Diaz*, 227 AD2d 615 [1996]).

Plaintiff failed to raise a triable issue of fact sufficient to defeat the motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). "While a plaintiff in a wrongful death case is held to a lesser standard of proof . . . , 'that does not relieve the plaintiff of the obligation to provide some proof from which negligence could reasonably be inferred' " (*Coughlin v Bartnick*, 293 AD2d 509, 510 [2002]). Thus, " '[u]nless there is some evidence, even if weak, upon which a jury could find [Szymanski] negligent, the complaint must be dismissed' " (*Smith v Stark*, 67 NY2d 693, 695 [1986]; *see also Elmer v Kratzer*, 267 AD2d 1073 [1999], *lv denied* 94 NY2d 763 [2000]). The expert affidavit submitted by plaintiff in opposition to the motion was insufficient to meet that burden. Although the expert opined that Szymanski was operating the truck at too great a speed for the road conditions and that the point of impact with decedent's vehicle was in the middle of the road, the expert offered no evidentiary foundation for those opinions, and the evidence in the record before us indicates otherwise. Mere speculation, including that set forth in an expert's affidavit, is insufficient to raise an issue of fact (*see Leggio v Gearhart*, 294 AD2d 543, 544-545 [2002]). Thus, we conclude that "[t]he speculative affidavit of plaintiff's expert containing alternative explanations concerning the manner in which the accident occurred is insufficient to defeat the motion" (*Van Ostberg v Crane*, 273 AD2d 895, 896 [2000]; *see Wasson v Szafarski*, 6 AD3d 1182, 1183 [2004]). Present—Hurlbutt, J.P., Scudder, Gorski and Smith, JJ.