██ Solmaria Quintero, Respondent, v Rywa Wilner et al., Appellants. [903 NYS2d 123]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Bunyan, J.), dated June 3, 2009, as denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly was injured when she fell down a flight of stairs as she tried to turn on a ceiling light in the dark common hallway of the building where she lived. The plaintiff commenced this action to recover damages for personal injuries against the owner of the building, the defendant Rywa Wilner, and the entity that managed the building, the defendant H. Wilner Realty Management, LLC. The defendants moved for summary judgment dismissing the complaint, contending, inter

alia, that there was no dangerous condition in the building. The Supreme Court denied the motion, and we affirm.

Generally, the issue of whether a dangerous or defective condition exists on real property depends on the particular facts of each case, and is properly a question for the trier of fact (*see Shalamayeva v Park 83rd St. Corp.*, 32 AD3d 387, 388 [2006]). In support of their motion, the defendants submitted evidence, including the plaintiff's deposition testimony, which showed that the windowless, common hallway outside of the plaintiff's apartment had only one light fixture. That light fixture was located at the end of the hallway near the top edge of a flight of stairs. Standing at the top of the stairs, the plaintiff had to reach up over her head to pull a string to turn on the light before going down the stairs. On the day of her accident, the plaintiff fell down the stairs as she reached up to pull the string in the dark hallway. The plaintiff testified at her deposition that the light was always off when she left her apartment in the morning, and that she complained about this to a principal of the defendant management company. Under these circumstances, the defendants failed to establish, prima facie, that there was no dangerous condition on the property and that they lacked notice of this dangerous condition (*see Shalamayeva v Park 83rd St. Corp.*, 32 AD3d 387 [2006]; *Scher v Stropoli*, 7 AD3d 777 [2004]; *Swerdlow v WSK Props. Corp.*, 5 AD3d 587 [2004]). Since the defendants failed to establish, as a matter of law, that they maintained the property in a reasonably safe manner, the Supreme Court properly denied their motion for summary judgment dismissing the complaint. Fisher, J.P., Lott, Austin and Sgroi, JJ., concur.