McDermott v Santos (2019 NY Slip Op 03039)





McDermott v Santos


2019 NY Slip Op 03039


Decided on April 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2016-03897
 (Index No. 9889/11)

[*1]Kevin McDermott, plaintiff-appellant-respondent,
v
Elissandra Santos, et al., defendants-respondents, Swim Tech Pool Services, Inc., defendant-respondent- appellant, et al., defendant (and a third-party action).


Sullivan Papain Block McGrath & Cannavo P.C., New York, NY (Stephen C. Glasser and Susan M. Jaffe of counsel), for plaintiff-appellant-respondent.
Shafer Glazer, LLP, New York, NY (David A. Glazer and Mika M. Mooney of counsel), for defendant-respondent-appellant.
Mazzara & Small, P.C., Bohemia, NY (Timothy F. Mazzara of counsel), for defendants-respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals, and the defendant Swim Tech Pool Services, Inc., cross-appeals, from an order of the Supreme Court, Nassau County (George R. Peck, J.), entered March 4, 2016. The order, insofar as appealed from, granted the motion of the defendants Elissandra Santos and Silvio Londono for summary judgment dismissing the complaint insofar as asserted against them. The order, insofar as cross-appealed from, denied those branches of the motion of the defendant Swim Tech Pool Services, Inc., which were for summary judgment dismissing so much of the complaint as alleged negligence and strict products liability for a design defect insofar as asserted against it.
ORDERED that the order is reversed insofar as appealed from, on the law, and the motion of the defendants Elissandra Santos and Silvio Londono for summary judgment dismissing the complaint insofar as asserted against them is denied; and it is further,
ORDERED that the order is affirmed insofar as cross-appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff payable by the defendants-respondents and the defendant-respondent-appellant appearing separately and filing separate briefs.
The plaintiff commenced this action seeking damages for personal injuries he alleges he incurred when he dove into an in-ground swimming pool at a residential property owned by the defendants Elissandra Santos and Silvio Londono (hereinafter together the owners). At the time of the alleged incident, the plaintiff was a guest of individuals who were residing in the property, one of whom had leased the property from the owners. That lease agreement expressly provided that the owners were responsible for repairing all damages to the property not caused by the tenant or the tenant's guests. The defendant Swim Tech Pool Services, Inc. (hereinafter Swim Tech), built the rectangular shaped pool in 2008. Although the pool had a deep end, it did not have a diving board. The walls in the deep end below the water line were not vertical; rather, the walls slanted inward toward the center of the bottom of the pool. There was no marking on the pool to show that the [*2]walls slanted or signs warning that diving was not permitted. The plaintiff, who had never swum in the pool before, alleged that, on July 5, 2009, he dove into the water from the side of the pool and was injured when he struck his head on the slanted portion of the deep end wall.
The plaintiff asserted a cause of action against the owners alleging negligence, and causes of action against Swim Tech alleging, inter alia, negligence, strict products liability, and breach of warranty. Following discovery, the owners and Swim Tech separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court granted the owners' motion, but granted only those branches of Swim Tech's motion which were for summary judgment dismissing the causes of action alleging failure to supply warning signs/depth markers and strict products liability based on defective component parts insofar as asserted against it. The plaintiff appeals from so much of the order as granted the owners' motion for summary judgment dismissing the complaint insofar as asserted against them, and Swim Tech cross-appeals from so much of the order as denied those branches of its motion which were for summary judgment dismissing the negligence and strict products liability for design defect causes of action insofar as asserted against it.
We agree with the Supreme Court's determination denying those branches of Swim Tech's motion which were for summary judgment dismissing so much of the complaint as alleged negligence and strict products liability for design defect insofar as asserted against it. There are triable issues of fact as to whether the plaintiff's conduct was the sole proximate cause of his injuries (see Amatulli v Delhi Constr. Corp., 77 NY2d 525, 534-535; Denkensohn v Davenport, 144 AD2d 58, 62, affd 75 NY2d 25), whether the design of the pool was defective (see Pierre-Louis v DeLonghi Am., Inc., 66 AD3d 859, 861-862), and whether the pool was negligently constructed (see e.g. Jackson v Conrad, 127 AD3d 816, 818; Pesca v City of New York, 298 AD2d 292).
However, we disagree with the Supreme Court's determination granting the owners' motion for summary judgment dismissing the complaint insofar as asserted against them. An out-of-possession landowner who has assumed the obligation to make repairs to its property can be held liable for injuries caused by a dangerous condition if it is established that the landowner created or had actual or constructive notice of the condition (see Washington-Fraser v Industrial Home for the Blind, 164 AD3d 543, 545; Davidson v Steel Equities, 138 AD3d 911, 912). Whether a dangerous condition exists on property so as to create liability on the part of a landowner depends on the particular circumstances of each case and is generally a question of fact for the jury (see Quintero v Wilner, 74 AD3d 1042, 1043). " [T]he owner of a private residential swimming pool has a duty to maintain the pool in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury and the burden of avoiding the risk'" (Grosse v Olsen, 164 AD3d 763, 765, quoting Herrera v Piano, 125 AD2d 548, 548-549). A landowner also has the duty to warn of potentially dangerous conditions that are not readily observable (see Martino v Stolzman, 18 NY3d 905, 908; Sermos v Gruppuso, 95 AD3d 985, 986). " To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit [the defendants] to discover and remedy it'" (Price v Kowalski, 258 AD2d 637, 637, quoting Gordon v American Museum of Natural History, 67 NY2d 836, 837).
Here, the owners failed to establish, prima facie, that the slanted wall in the deep end of their pool was not dangerous or that they lacked constructive notice of the condition (see Grosse v Olsen, 164 AD3d at 765; Price v Kowalski, 258 AD2d at 637). Although the owners contended that, inter alia, they neither created nor had actual or constructive notice that the pool was unsafe for diving, the accident was caused by the plaintiff's error in judgment, and the plaintiff assumed the risk of injury, they failed to submit an expert affidavit and relied instead upon deposition testimony, including their own deposition testimony as well as the plaintiff's deposition testimony, and documentary evidence in support of their motion for summary judgment. The plaintiff testified at his deposition that he was not familiar with the pool and he had not noticed the slant of the deep end wall from above the water. In contrast, each of the owners testified at their respective deposition that they were aware that the walls below the water line in the deep end of the pool slanted inward toward the center of the bottom of the pool. Specifically, at her deposition, Santos testified that she was aware that the deep end wall of the pool was not completely vertical, that it slanted toward the center, and its depth was not marked in any way. According to Londono's deposition testimony, he monitored daily the progress of the construction of the pool. Thus, the owners failed to establish, [*3]prima facie, that the condition which the plaintiff contends is dangerous—the slant of the deep end wall—is not dangerous, and since the accident happened more than a year after construction of the pool was completed, they also failed to show that they lacked actual or constructive notice of the condition and failed to show that they lacked sufficient time to remedy it.
The owners also failed to make a prima facie showing that the plaintiff's conduct was the sole proximate cause of his injuries (see Kriz v Schum, 75 NY2d 25, 36; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853), and failed to establish that the doctrine of primary assumption of risk bars the plaintiff's recovery (see Grosse v Olsen,164 AD3d at 765; Simone v Doscas, 142 AD3d 494, 494). Since the owners failed to establish their prima facie entitlement to judgment as a matter of law, the burden never shifted to the plaintiff and, therefore, we need not examine the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr, 64 NY2d at 853).
Accordingly, the Supreme Court should have denied the owners' motion for summary judgment dismissing the complaint insofar as asserted against them.
LEVENTHAL, J.P., MILLER, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court